IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHN TIMOTHY PRICE,**

           **Petitioner,**

    v.                                                  CASE NO. 20-3161-SAC

**(FNU)(LNU),**

           **Respondent.**

### ORDER TO SHOW CAUSE

    This matter comes before the Court on a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is a pretrial detainee held in Shawnee County, Kansas. He proceeds pro se. Petitioner has submitted neither the $5.00 filing fee nor a motion to proceed in forma pauperis.

    The Court must examine habeas petitions promptly and must "summarily dismiss [a] petition without ordering a responsive pleading," *Mayle v. Felix*, 545 U.S. 644, 656 (2005), "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rules Governing § 2254, Rule 4, Cases in U.S. Dist. Ct. The Court has conducted an initial review of the petition and enters the following findings and order.

    First, a petition under 28 U.S.C. § 2241 is the proper remedy for a State prisoner challenging pretrial detention. *Walck v. Edmonds*, 472 F.3d 1227, 1235 (10th Cir. 2007). *See also Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("[Section] 2241 is a vehicle for challenging pretrial detention....").

    To prevail under this provision, a State prisoner must show that

his pretrial detention violates federal law. *See* 28 U.S.C. § 2241(c)(3)(2018)(the habeas court must determine whether the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States").

However, before proceeding in habeas corpus, a petitioner seeking relief under § 2241 is "generally required to exhaust state remedies". *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). *See also Farris v. Allbaugh*, 698 F. App'x 950, 957 (10th Cir. 2017)(unpublished)("We have held that this exhaustion requirement 'is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contain such a requirement.'")(quoting *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010)).

Petitioner states he has been unable to post bail although he has the necessary funds. As relief, he seeks exoneration. Because the petition does not show that petitioner has exhausted state court remedies by presenting his claims concerning his bail in the state courts, including the appellate courts, this Court will direct him to show cause why this matter should not be dismissed without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **July 3, 2020,** to show cause why this matter should not be dismissed without prejudice due to his failure to exhaust state court remedies. The failure to file a timely response may result in the dismissal of this matter without additional notice.

**IT IS SO ORDERED.**

DATED: This 16th day of June, 2020, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge